### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **POMPEY HICKS, III,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | FILED |
| **v.** | : | **NO.** MAY 23, 2008          YM |
| | : | 08CV3030 |
| **DIRECTSAT USA, LLC,** | : | JUDGE DOW |
| **Defendant.** | : | MAGISTRATE JUDGE BROWN |
| | : | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1441, *et seq.*, Defendant DirectSat USA, LLC ("DirectSat") hereby files this Notice of Removal from the Circuit Court of Cook County, Illinois, in which it is now pending, to the United States District Court for the Northern District of Illinois. In support of removal, DirectSat avers as follows:

1.     The present lawsuit is removable from state court to this Court pursuant to 28 U.S.C. §1441(a), because the Complaint attempts to set forth causes of action against DirectSat that are within the original jurisdiction conferred on the District Courts of the United States by 28 U.S.C. §1332.

2.     Plaintiff initiated the instant action on or about April 17, 2008 by filing a Complaint in the Circuit Court of Cook County, Illinois. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

3.     There is complete diversity of citizenship in the instant action because, pursuant to Plaintiff's Complaint, Plaintiff is an adult individual who resides in Cook County, Illinois. *See* Complaint at ¶ 1.

4.     DirectSat is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the Commonwealth of Pennsylvania. *Id.* at ¶ 2.

5.    The sole member of DirectSat is Unitek USA, LLC ("Unitek"), which is a Delaware limited liability company with a principal place of business located in Pennsylvania. The sole member of Unitek is Unitek Acquisition Corporation, which is a corporation incorporated in Delaware with a principal place of business in Blue Bell, Pennsylvania.

6.    In the Complaint, Plaintiff demands compensatory damages in an amount in excess of $50,000.00; reinstatement to his position; reasonable attorney's fees; and punitive damages. *Id.* at *ad damnum* clauses at pp. 4-5.

7.    DirectSat's first notice that this action was removable to this Court was no earlier than on or about April 24, 2008, when it received service.

8.    This Notice of Removal is timely filed within thirty (30) days (as calculated under applicable law and court rules) of DirectSat's first notice that the claim was removable to this Court. 28 U.S.C. §1446(b).

9.    Venue is properly laid in this district because a substantial part of the events giving rise to Plaintiff's purported claim allegedly occurred in this district and DirectSat is deemed to reside in this district. 28 U.S.C. §1391(b).

10.    There is complete diversity of citizenship in the instant action because, pursuant to Plaintiff's Complaint, Plaintiff is a resident of Illinois, and DirectSat is a citizen of Delaware and Pennsylvania because its sole member is a limited liability company whose only member is a Delaware corporation with a principal place of business in Blue Bell, Pennsylvania. *See* 28 U.S.C. §1332. *See also Wise v. Wachovia Securities, LLC*, 450 F. 3d 265, 267 (7th Cir. 2006) ("the citizenship for diversity purposes of a limited liability company . . . is the citizenship of each of its members.")

11.     Additionally, the matter in controversy exceeds the sum of seventy five thousand dollars ($75,000.00).  Plaintiff demands compensatory damages in an amount in excess of $50,000.00; reinstatement to his position; reasonable attorney's fees; and punitive damages.  *See* Complaint at *ad damnum* clauses at pp. 4-5.  Additionally, Plaintiff alleges that, as a result of his alleged retaliatory discharge, he has "suffered damages and will continue to suffer damages in the form of lost past and future wages, benefits, mental anguish concerning the loss of his means of support, emotional distress, and damage to his reputation."  *Id.* at ¶¶16, 22.  Pursuant to the Illinois Whistleblower Act, 740 ILCS 174/1 *et seq.*, under which Plaintiff brings one of his claims, damages include "reinstatement with the same seniority status that the employee would have had, but for the violation; back pay, with interest; and compensation for any damages sustained as a result of the violation, including litigation costs, expert witness fees, and reasonable attorney's fees." 740 ILCS 174/30.  As to a calculation for any claim for back pay and lost past and future wages, Plaintiff alleges that he was terminated on or about August 21, 2007. *See* Complaint at ¶11.  Accordingly, Plaintiff's Complaint, as pleaded, puts an amount in excess of $75,000.00 at issue.

12.     Because there is complete diversity of citizenship and the amount in controversy exceeds the sum of seventy five thousand dollars ($75,000.00), this case is properly removed to this Court.

13.     Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the State Court and served upon the Plaintiff.

Respectfully submitted,

/s/ Ursula A. Taylor

Jason S. Dubner (ARDC# 06257055)
Ursula A. Taylor (ARDC # 6287522)

Butler Rubin Saltarelli & Boyd
70 West Madison Street, Suite 1800
Chicago, IL 60602
(312) 444-9660

Eric J. Bronstein
Colin D. Dougherty
Elliott Greenleaf & Siedzikowski, P.C.
Union Meeting Corporate Center
925 Harvest Drive, Suite 300
Blue Bell, PA  19422
(215) 977-1000

DATED:  May 23, 2008          Counsel for Defendant DirectSat USA, LLC

W0068111v2

2120 - Served                    2121 - Served
2220 - Not Served                2221 - Not Served
2320 - Served By Mail            2321 - Served By Mail
2420 - Served By Publication     2421 - Served By Publication
SUMMONS                          ALIAS - SUMMONS          CCG N001-10M-1-07-05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

(Name all parties)

POMPEY L. HICKS, III

2008L004229
CALENDAR/ROOM W
TIME 00:00
Retaliatory Discharg

v.

DIRECTSAT USA, LLC

No. _____

Serve Defendant at:
Illinois Corporation Service
801 ADLAI STEVENSON DRIVE
SPRINGFIELD, IL 62703

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801 _____, Chicago, Illinois 60602

☐ District 2 - Skokie          ☐ District 3 - Rolling Meadows     ☐ District 4 - Maywood
5600 Old Orchard Rd.              2121 Euclid                         1500 Maybrook Ave.
Skokie, IL 60077                  Rolling Meadows, IL 60008           Maywood, IL 60153

☐ District 5 - Bridgeview      ☐ District 6 - Markham             ☐ Child Support
10220 S. 76th Ave.                16501 S. Kedzie Pkwy.               28 North Clark St., Room 200
Bridgeview, IL 60455             Markham, IL 60426                   Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 37766                                    WITNESS, _____ APR 17 ___

Name: Law Offices of Josh Friedman

Atty. for: Plaintiff

Address: 53 West Jackson Blvd., Suite 840          _____
                                                              Clerk of Court
City/State/Zip: Chicago, IL 60604

Telephone: 312-886-0277                            Date of service: _____
                                                   (To be inserted by officer on copy left with defendant
                                                              or other person)
Service by Facsimile Transmission will be accepted at: _____

                                                   (Area Code)  (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

EXHIBIT
A

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

POMPEY HICKS, III                       )
                                        )
            Plaintiff,                  )
                                        )
vs.                                     )       No.
                                        )       2008L004229
DIRECTSAT USA, LLC                      )       CALENDAR/ROOM W
                                        )       TIME 00:00
            Defendant.                  )       Retaliatory Discharg
                                        )
                                        )

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, POMPEY L. HICKS, III ("HICKS"), by and through his

undersigned attorney, and complaining of Defendant, DIRECTSAT USA, LLC.

(hereinafter, "DIRECTSAT"), states as follows:

1.     Plaintiff HICKS is an individual residing in Cook County, Illinois.

2.     Defendant DIRECTSAT is a limited liability company organized under the laws

of Delaware, authorized to do business in the state of Illinois, with operations located in

Cook County, Illinois.

3.     The events alleged herein occurred in Cook County, Illinois.

4.     At all times relevant hereto, DIRECTSAT employed HICKS at various customer

sites in and around Cook County, Illinois as a satellite television technician.  At all times

relevant hereto, HICKS performed his job satisfactorily.

5.     On or about January 12, 2007, HICKS, while in the ordinary course and scope of

his employment with DIRECTSAT, sustained a work related injury.   Immediately after

sustaining the injury, HICKS advised the company of his injury, and shortly thereafter, he filed a claim for workers' compensation benefits.

6.      Shortly after HICKS filed his claim for workers compensation benefits, he received a negative performance review for sustaining the work related injury alleged above.

7.      The negative performance review alleged above constituted the beginning of DIRECTSAT'S campaign to retaliate against HICKS as a result of his workers' compensation claim and other actions alleged herein.

8.      As a result of DIRECTSAT'S failure to pay HICKS certain wages that were due and owing to him, HICKS filed a claim with the Illinois Department of Labor in or around March 2007 in order to obtain the wages due him. .

9.      DIRECTSAT received a notice of HICKS' wage claim on or about March 21, 2007. The very next day, on or about March 22, 2007, HICKS received a negative performance review that was falsely issued to him, in retaliation for his filing a wage claim with the Illinois Department of Labor.

10.     On or about August 5, 2007, after having been forced to work seven days without a day off in violation of the Illinois One Day Rest in Seven Act, HICKS complained to DIRECTSAT supervisors that their requiring him to work seven days straight without a day off was illegal.  HICKS repeated this complaint several time over the next several weeks about this violation of the law but rather than rectify the situation, DIRECTSAT supervisors criticized him for raising the issue.

2

11.    On or about August 21, 2007, just a few weeks after he complained about DIRECTSAT'S violation of the Illinois One Day Rest in Seven Act, HICKS was discharged by DIRECTSAT.

12.    Upon information and belief, HICKS avers that his discharge by DIRECTSAT was in retaliation for asserting his rights under the Workers' Compensation Act, for filing a claim with the Illinois Department of Labor, and for complaining to management about its violation of the Illinois One Day Rest in Seven Act.

**COUNT I**
**RETALIATORY DISCHARGE**

13.    HICKS realleges paragraphs 1-12 above as if fully repleaded herein.

14.    The termination of HICKS' employment by DIRECTSAT was intentional and was in retaliation for his assertion of rights under the Workers' Compensation Act, for his claim for unpaid wages to the Illinois Department of Labor, and for his internal complaint about DIRECTSAT's violation of the Illinois One Day Rest in Seven Act.

15.    The termination of HICKS' employment by DIRECTSAT was unlawful and violated a clear mandate of public policy not to discharge employees for asserting their rights under the Workers' Compensation Act, state and federal wage and hour laws, and the Illinois One Day Rest in Seven Act.

16.    As a direct and proximate result of the above retaliatory discharge, HICKS has suffered damages and will continue to suffer damages in the form of lost past and future wages, benefits, mental anguish concerning the loss of his means of support, emotional distress, and damage to his reputation.

3

17.    In terminating HICKS, DIRECTSAT acted with fraud, actual malice, and such gross negligence as to indicate a wanton disregard of HICKS' rights.

**WHEREFORE**, Plaintiff, POMPEY HICKS, III respectfully requests that this Court enter a judgment in his favor and against Defendant, DIRECTSAT USA, LLC. as follows:

      a.      For compensatory damages in an amount in excess of $50,000.00;

      b.      Reinstatement to his position;

      c.      For his reasonable attorney's fees in this action;

      d.      For punitive damages as is deemed just and proper; and

      e.      For any other relief this Court deems just and proper.

## COUNT II
## WHISTLEBLOWER VIOLATION

18.    HICKS realleges paragraphs 1-12 above as if fully repleaded herein.

19.    By truthfully reporting DIRECTSAT'S refusal to pay wages that were due and owing to him by filing a complaint with the Illinois Department of Labor, HICKS reasonably believed that he was reporting violations by DIRECTSAT to a government agency of various state and federal wage and hour laws.

20.    Upon information and belief, HICKS avers that DIRECTSAT discharged him in retaliation for reporting violations by DIRECTSAT to a government agency of various state and federal wage and hour laws.

21.    DIRECTSAT'S discharge of HICKS constituted a violation of the Illinois Whistleblower Act, 735 ILCS 174/1 et seq., in that DIRECTSAT discharged HICKS for reporting his employer's illegal conduct to a government agency.

4

22.    As a direct and proximate result of the above retaliatory discharge, HICKS has

suffered damages and will continue to suffer damages in the form of lost past and future

wages, benefits, mental anguish concerning the loss of his means of support, emotional

distress, and damage to his reputation.

WHEREFORE, Plaintiff, POMPEY HICKS, III respectfully requests that this Court

enter a judgment in his favor and against Defendant, DIRECTSAT USA, LLC for all

relief available to him under the Illinois Whistleblower Act, including but not limited to

the following:

      a.    For compensatory damages in an amount in excess of $50,000.00;

      b.    Reinstatement to his position;

      c.    For Plaintiff's reasonable attorney's fees in this action;

      d.    For punitive damages as is deemed just and proper; and

      e.    For any other relief this Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY.

               RESPECTFULLY SUBMITTED,

               POMPEY L. HICKS, III

               By _____
                     One of his Attorneys

JOSH M. FRIEDMAN
Law Offices of Josh M. Friedman
120 S. State St., Suite 200
Chicago, Illinois 60603
(312) 727-0999
Cook County Bar No. 37766
Attorney for Plaintiff

JEFFREY B. GRANICH
Law Offices of Jeffrey B. Granich
53 West Jackson Blvd., Suite 840
Chicago, Illinois 60604
(312) 939-9009
Cook County Bar No. 29445
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **POMPEY HICKS, III,** : | **CIVIL ACTION** |
| **Plaintiff,** : | FILED |
| **v.** : | MAY 23, 2008        YM |
| : | 08CV3030 |
| **DIRECTSAT USA, LLC,** : | JUDGE DOW |
| **Defendant.** : | MAGISTRATE JUDGE BROWN |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

TO:  Josh M. Friedman, Esquire
Law Offices of Josh M. Friedman
120 South State Street, Suite 200
Chicago, IL 60603

PLEASE TAKE NOTICE that on May 23, 2008, Defendant DirectSat USA, LLC filed the attached Notice of Removal, Appearances, Civil Cover Sheet and Disclosure Statement, copies of which are attached hereto and are hereby served upon you.

Ursula A. Taylor, Esquire, hereby certifies that, on May 23, 2008, she caused to be served true and correct copies of the aforementioned Notice of Removal, Appearances, Civil Cover Sheet and two copies of the Disclosure Statement by U.S. mail, first class, postage prepaid, upon the parties listed above.

Respectfully Submitted,

Defendant DirectSat USA, LLC

/s/ Ursula A. Taylor
Ursula A. Taylor

Jason S. Dubner (ARDC# 06257055)
Ursula A. Taylor (ARDC # 6287522)
Butler Rubin Saltarelli & Boyd
70 West Madison Street, Suite 1800
Chicago, IL 60602
(312) 444-9660

Eric J. Bronstein
Colin D. Dougherty
Elliott Greenleaf & Siedzikowski, P.C.
Union Meeting Corporate Center
925 Harvest Drive, Suite 300
Blue Bell, PA  19422
(215) 977-1000

Attorneys for Defendant  DirectSat USA, LLC

DATED:  May 23, 2008