IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | : | |
|---|---|---|
| **POMPEY HICKS, III,** | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | NO. 08CV3030 |
| | : | |
| **DIRECTSAT USA, LLC,** | : | Electronically Filed |
| | : | |
| Defendant. | : | Judge Robert M. Dow, Jr. |
| | : | |

**DEFENDANT DIRECTSAT USA, LLC'S ANSWER WITH
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant DirectSat USA, LLC ("DirectSat"), by and through its undersigned counsel, hereby respectfully submits the following Answer with Affirmative Defenses to Plaintiff's Complaint and states:

1. Plaintiff HICKS is an individual residing in Cook County, Illinois.

**ANSWER**:   Denied.

2. Defendant DIRECTSAT is a limited liability company organized under the laws of Delaware, authorized to do business in the state of Illinois, with operations located in Cook County, Illinois.

**ANSWER:**   Admitted.

3. The events alleged herein occurred in Cook County, Illinois

**ANSWER**:   Denied.

4. At all times relevant hereto, DIRECTSAT employed HICKS at various customer sites in and around Cook County, Illinois as a satellite television technician. At all times relevant hereto, HICKS performed his job satisfactorily.

**ANSWER:**   Admitted in part; denied in part. DirectSat admits only that it employed Plaintiff as a satellite television technician.

68425v3

5. On or about January 12, 2007, HICKS, while in the ordinary course and scope of his employment with DIRECTSAT, sustained a work related injury. Immediately after sustaining the injury, HICKS advised the company of his injury, and shortly thereafter, he filed a claim for workers' compensation benefits.

**ANSWER:** Admitted in part; denied in part. DirectSat admits only that

Plaintiff sustained an injury on or about January 12, 2007, he advised DirectSat of

the injury, and he filed a claim for workers' compensation benefits.

6. Shortly after HICKS filed his claim for workers compensation benefits, he received a negative performance review for sustaining the work related injury alleged above.

**ANSWER**: Denied.

7. The negative performance review alleged above constituted the beginning of DIRECTSAT'S campaign to retaliate against HICKS as a result of his workers' compensation claim and other actions alleged herein.

**ANSWER:** Denied, including as a conclusion of law to which no response is

required.

8. As a result of DIRECTSAT'S failure to pay HICKS certain wages that were due and owing to him, HICKS filed a claim with the Illinois Department of Labor in or around March 2007 in order to obtain the wages due him.

**ANSWER:** Admitted in part, denied in part. It is admitted only that Plaintiff

filed a claim with the Illinois Department of Labor and that Defendant remitted

payment to the Department of Labor.

9. DIRECTSAT received a notice of HICKS' wage claim on or about March 21, 2007. The very next day, on or about March 22, 2007, HICKS received a negative performance review that was falsely issued to him, in retaliation for his filing a wage claim with the Illinois Department of Labor.

**ANSWER:** Denied, including as a conclusion of law to which no response is

required.

10. On or about August 5, 2007, after having been forced to work seven days without a day off in violation of the Illinois One Day Rest in Seven Act, HICKS complained to DIRECTSAT supervisors that their requiring him to work seven days straight without a day off was illegal. HICKS repeated this complaint several times over the next several weeks about this

68425v3

violation of the law but rather than rectify the situation, DIRECTSAT supervisors criticized him for raising the issue.

**ANSWER:** Denied, including as a conclusion of law to which no response is

required.

11. On or about August 21, 2007, just a few weeks after he complained about DIRECTSAT'S violation of the Illinois One Day Rest in Seven Act, HICKS was discharged by DIRECTSAT.

**ANSWER:** Admitted in part; denied in part. DirectSat admits only that, on or

about August 21, 2007, Plaintiff was discharged.

12. Upon information and belief, HICKS avers that his discharge by DIRECTSAT was in retaliation for asserting his rights under the Workers' Compensation Act, for filing a claim with the Illinois Department of Labor, and for complaining to management about its violation of the Illinois One Day Rest in Seven Act.

**ANSWER:** Denied, including as a conclusion of law to which no response is

required.

## COUNT I
## RETALIATORY DISCHARGE

13. HICKS reallages paragraphs 1-12 above as if fully repleaded herein.

**ANSWER:** DirectSat incorporates its answers to the above paragraphs as if

fully set forth herein.

14. The termination of HICKS' employment by DIRECTSAT was intentional and was in retaliation for his assertion of rights under the Workers' Compensation Act, for his claim for unpaid wages to the Illinois Department of Labor, and for his internal complaint about DIRECTSAT's violation of the Illinois One Day Rest in Seven Act.

**ANSWER:** Denied, including as a conclusion of law to which no response is

required.

68425v3

15. The termination of HICKS' employment by DIRECTSAT was unlawful and violated a clear mandate of public policy not to discharge employees for asserting their rights under the Workers' Compensation Act, state and federal wage and hour laws, and the Illinois One Day Rest in Seven Act.

**ANSWER:** Denied, including as a conclusion of law to which no response is required.

16. As a direct and proximate result of the above retaliatory discharge, HICKS has suffered damages and will continue to suffer damages in the form of lost past and future wages, benefits, mental anguish concerning the loss of his means of support, emotional distress, and damage to his reputation.

**ANSWER:** Denied, including as a conclusion of law to which no response is required.

17. In terminating HICKS, DIRECTSAT acted with fraud, actual malice, and such gross negligence as to indicate a wanton disregard of HICKS' rights.

**ANSWER:** Denied, including as a conclusion of law to which no response is required.

WHEREFORE, Defendant DirectSat USA, LLC respectfully requests judgment in its favor, and such other and further relief in its favor as the Court deems just and appropriate.

## COUNT II
## WHISTLEBLOWER VIOLATION

18. HICKS reallages paragraphs 1-12 above as if fully repleaded herein.

**ANSWER:** DirectSat incorporates its answers to the above paragraphs as if fully set forth herein.

19. By truthfully reporting DIRECTSAT'S refusal to pay wages that were due and owing to him by filing a complaint with the Illinois Department of Labor, HICKS reasonably believed that he was reporting violations by DIRECTSAT to a government agency of various state and federal wage and hour laws.

**ANSWER**: Denied.

68425v3

20. Upon information and belief HICKS avers that DIRECTSAT discharged him in retaliation for reporting violations by DIRECTSAT to a government agency of various state and federal wage and hour laws.

**ANSWER:** Denied, including as a conclusion of law to which no response is

required.

21. DIRECTSAT'S discharge of HICKS constituted a violation of the Illinois Whistleblower Act, 735 ILCS 174/1 et seq., in that DIRECTSAT discharged HICKS for reporting his employer's illegal conduct to a government agency.

**ANSWER:** Denied, including as a conclusion of law to which no response is

required

22. As a direct and proximate result of the above retaliatory discharge, HICKS has suffered damages and will continue to suffer damages in the form of lost past and future wages, benefits, mental anguish concerning the loss of his means of support, emotional distress, and damage to his reputation.

**ANSWER:** Denied, including as a conclusion of law to which no response is

required.

WHEREFORE, Defendant DirectSat USA, LLC respectfully requests judgment in its favor, and such other and further relief in its favor as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

DirectSat incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein. DirectSat reserves the right to amend or supplement these affirmative defenses throughout discovery and trial in this matter. The following affirmative defenses are asserted herein and any inadvertent omission of an affirmative defense shall not be deemed an admission and DirectSat does not waive any rights herein.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action against DirectSat upon which relief may be granted, because, *inter alia*, Plaintiff failed to plead and neither has shown nor can show a causal

68425v3

connection between his discharge from employment and his filing of a workers' compensation claim and/or his alleged acts of whistleblowing. Further, plaintiff failed to plead and neither has shown nor can show that the proffered reasons for his discharge were pretextual. Additionally, Plaintiff failed to state a claim for retaliatory discharge for whistleblowing, because, *inter alia*, filing a wage claim with the Department of Labor does not constitute a basis for whistleblowing retaliatory discharge.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because any decisions affecting Plaintiff's employment with DirectSat were made and/or would have been made in any event for reasons unrelated to his claim for workers' compensation, to his wage claim filed with the Illinois Department of Labor, and/or to his alleged complaints regarding the Illinois One Day Rest in Seven Act, and were made for substantial, legitimate, non-retaliatory, non-discriminatory, business reasons.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because, in any dealings with Plaintiff, DirectSat acted in good faith and without any malice or intent to injure or harm Plaintiff in any way. Further, DirectSat's alleged conduct neither was, nor is, committed with fraud, actual malice, deliberate violence or oppression, or outrageous, egregious, willful or with such gross negligence as to indicate a wanton disregard for Plaintiff's rights. Therefore, Plaintiff is not entitled to, and his Complaint fails to state a claim, for punitive damages.

## FOURTH DEFENSE

Plaintiff's discharge from his employment with DirectSat has no causal connection to his filing a workers' compensation claim, his filing a wage claim with the Illinois Department of Labor,

68425v3

and/or his alleged complaints of an alleged violation of the One Day Rest in Seven Act, and DirectSat's decision to terminate Plaintiff violated no clearly mandated public policy, and/or was not pretextual.

### FIFTH DEFENSE

Plaintiff was an at-will employee and could be terminated for any reason or no reason, and his employment was terminated based upon reasonable facts and not in retaliation for any actions and/or omissions of Plaintiff.

### SIXTH DEFENSE

DirectSat did not retaliate against Plaintiff in violation of the Illinois Workers' Compensation Act and/or the Illinois Whistleblower Act.

### SEVENTH DEFENSE

Plaintiff failed to notify DirectSat of the alleged unlawful retaliation in the workplace and/or to avoid harm otherwise, and failed to follow DirectSat's internal dispute resolution policy.

### EIGHTH DEFENSE

Plaintiff did not have, and could not have had, reasonable cause to believe that the information he allegedly provided to the Illinois Department of Labor constituted a violation of a state or federal law, rule, or regulation.

### NINTH DEFENSE

Plaintiff's claim for punitive damages for an alleged violation of the Illinois Whistleblower Act fails as a matter of law.

### TENTH DEFENSE

Plaintiff's claim that he was discharged allegedly in retaliation for his wage claim made to the Illinois Department of Labor fails as a matter of law.

68425v3

## **ELEVENTH DEFENSE**

The Illinois Whistleblower Act preempts Plaintiff's common law retaliatory discharge claim based on his wage claim made to the Illinois Department of Labor.

## **TWELFTH DEFENSE**

Plaintiff failed to mitigate his alleged damages; Plaintiff's claims are barred by his inability to demonstrate any damages; and Plaintiff's damages, if any, were caused by his own acts and conduct.

WHEREFORE, Defendant DirectSat USA, LLC denies liability on all claims asserted by Plaintiff and respectfully requests that the Court enter judgment in its favor, dismiss Plaintiff's claims with prejudice and award to DirectSat reasonable attorneys' fees and costs.

Respectfully submitted,

OF COUNSEL:

/s/ Ursula A. Taylor

Jason S. Dubner (ARDC#06257055)
Ursula A. Taylor (ARDC# 6287522)
Butler Rubin Saltarelli & Boyd
70 West Madison Street, Suite 1800
Chicago, IL 60602
(312) 444-9660

Eric J. Bronstein
Colin D. Dougherty
Elliott Greenleaf & Siedzikowski, P.C.
Union Meeting Corporate Center
925 Harvest Drive, suite 300
Blue Bell, PA  19422
(215) 977-1000

DATED:  June 2, 2008                            Counsel for Defendant DirectSat USA, LLC

68425v3

## **CERTIFICATE OF SERVICE**

I, Ursula A. Taylor, Esquire, hereby certify that, on this date, I caused the foregoing to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document, upon the following:

        Josh M. Friedman, Esquire
        Law Offices of Josh M. Friedman
        120 South State Street
        Suite 200
        Chicago, IL 60603

        Jeffrey Granich
        Law Offices of Jeffrey Granich
        53 West Jackson
        Suite 840
        Chicago, IL 60604

        Attorney for Plaintiff


        /s/ Ursula A. Taylor
        Ursula A. Taylor

DATED: June 2, 2008

W0068425v2

68425v3